UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHAD BROWN,

Plaintiff,

-against-

PETER PETRALIA, JONATHAN CRUZ, JAMES CHAMPAGNE, and TODD BAXTER

Defendants.

Case No.: 26-cv-6621

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, by his attorneys, ROTH & ROTH, LLP, complaining of the defendants, respectfully alleges, upon knowledge as to himself and otherwise upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action brought against Defendants to vindicate Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, through the Civil Rights Act of 1871, as amended, codified as 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees.

2. On August 27, 2024, Mr. Brown was a twenty-year-old pretrial detainee incarcerated at the Monroe County Jail. Defendant PETRALIA provoked a confrontation with Mr. Brown, called for his cell to be opened, and then entered the cell and physically assaulted Mr. Brown without cause or justification.

3. Defendant CRUZ then arrived and, despite Mr. Brown already being detained by other officers, punched Mr. Brown in the face without cause or justification, breaking his nose. Defendant CHAMPAGNE also entered the cell and participated in the unreasonable use of force

against Mr. Brown. At no time prior to the force used against him did Mr. Brown strike or attempt to strike any officer.

4. Despite suffering a broken nose with a deviated septum and a partially obstructed nasal airway, Mr. Brown was not transported to a hospital. He was placed in a medical observation cell and treated with over-the-counter pain medication.

5. Following the assault, Defendants held a sham disciplinary hearing to cover up their unlawful use of force against Mr. Brown, charging him with "assault on officers," for which he served twenty days in segregation. Conversely, Defendants faced zero discipline.

6. The use of force against Mr. Brown, and the subsequent failure to provide him with adequate medical care, are part of a pattern of abuse and deliberate indifference at the Monroe County Jail under the supervision of Defendant BAXTER. In *Dzionara-Norsen v. County of Monroe*, No. 21-CV-6715 (W.D.N.Y.), the court granted summary judgment against a Monroe County Sheriff's deputy who used objectively unreasonable force against a pretrial detainee at the same facility, under materially similar circumstances and under Defendant BAXTER's supervision. As in this case, the jail held a sham disciplinary hearing against the victim to cover up the deputies' unlawful use of force, and failed to adequately discipline that deputy.

## II. PARTIES

7. Plaintiff CHAD BROWN is a resident of Monroe County, New York. At all times relevant herein, he was a pretrial detainee incarcerated at the Monroe County Jail.

8. Defendant TODD BAXTER ("Sheriff Baxter" or "BAXTER") was, at all times relevant herein, the duly elected Sheriff of the County of Monroe. At all relevant times, Defendant BAXTER was acting within the scope of his employment and under color of state law. He is sued

in his individual capacity. BAXTER is responsible for the training, supervision, and discipline of the Sheriff's Deputies under state law.

9. Defendants PETER PETRALIA (IBM #4409), JONATHAN CRUZ, and JAMES CHAMPAGNE were, at all times relevant to this Complaint, Deputy Sheriffs with the Monroe County Sheriff's Office ("MCSO"), assigned to the Jail Bureau. At all relevant times, these defendants were acting within the scope of their employment with the County and under Sheriff BAXTER and acting under color of state law. They are sued in their individual capacities. They are referred to collectively as "the Sheriff's Deputies."

## III. JURISDICTION, VENUE AND CONDITIONS PRECEDENT

10. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

11. Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1391(b), because it is the judicial district in which the claims arose and in which the Defendants reside and conduct business.

## IV. FACTUAL ALLEGATIONS

### A. Background

12. On August 27, 2024, Plaintiff was a pretrial detainee incarcerated at the Monroe County Jail. Plaintiff had been confined at the Monroe County Jail since April 16, 2024. Plaintiff was housed on the Second Floor, East Low wing of the Jail, in Cell 13.

### B. The Assault on August 27, 2024

13. On August 27, 2024, at approximately 9:52 p.m., Defendant PETRALIA came to Plaintiff's cell to close it for the evening.

14. PETRALIA provoked a confrontation with Mr. Brown at the cell door. Shortly thereafter, PETRALIA called for the cell to be opened and entered Plaintiff's cell.

15. Upon entering the cell, PETRALIA physically assaulted Mr. Brown without cause or justification.

16. Defendant CRUZ then entered the cell. Despite Mr. Brown already being restrained and detained by PETRALIA, without cause or justification, CRUZ punched Mr. Brown in the face, breaking his nose.

17. Defendant CHAMPAGNE also entered the cell and participated in the unreasonable use of force against Mr. Brown.

18. Mr. Brown never placed his boy in the door threshold as the gate was closing, or did anything that justified Defendant PETRALIA reopening the gate to enter his cell and use physical force against Mr. Brown.

19. Mr. Brown did not strike or attempt to strike any officer at any time.

20. Mr. Brown never grabbed, pulled, or initiated any physical contact with Defendants PETRALIA, CRUZ or CHAMPAGNE, or did anything that would justify the use of physical force against him by the Defendants.

21. No officer sustained any injury during the incident.

22. As a result of the force used against him, Mr. Brown suffered a broken nose, a vertical laceration to the medial nose, deviation of his nose to the right, and a partially obstructed nasal airway.

23. Mr. Brown also suffered, and continues to suffer, emotional and psychological injuries as a result of being assaulted and then punished for the Defendants' own misconduct, including fear, anxiety, humiliation, emotional distress, and loss of enjoyment of life.

**C. Deliberate Indifference to Serious Medical Needs**

24. Mr. Brown's injuries — a broken nose with deviated septum and partially obstructed nasal airway — constituted a serious medical need requiring prompt medical attention.

25. Mr. Brown was visibly injured immediately following the incident. Several Sheriffs Deputies transported Mr. Brown from his cell during which Mr. Brown was actively bleeding from his nose, covering his face, neck, and jail uniform in blood. However, despite these obvious and serious injuries, Defendants did not call 911 or transport Mr. Brown to a hospital.

26. Mr. Brown was placed in a medical observation cell and received only a sterile dressing for the laceration on his nose.

27. On September 4, 2024, eight days after the assault, Mr. Brown was still reporting constant nasal pain, a possible fracture, and a possible infection. He was treated only with over-the-counter acetaminophen and ibuprofen.

28. At no time was Mr. Brown provided with adequate medical treatment for his broken nose and deviated septum.

29. A broken nose accompanied by a deviated septum and an obstructed nasal airway requires prompt medical attention, including a surgical reduction to reset the displaced nasal bones and straighten the septum. Such a reduction is most effective when performed within the first few weeks after the injury, while the fractured bones can still be repositioned. Had Mr. Brown been promptly transported to a hospital and provided with appropriate surgical care, his fracture could have been reduced and his nose and septum restored to their pre-injury form and function.

30. Because Defendants failed to provide that treatment, the window for an effective reduction passed and Mr. Brown's nasal bones healed in their displaced position. As a result, his nose has healed crooked, with a permanently deviated septum and a permanently obstructed nasal airway. These injuries can no longer be corrected by a simple reduction; instead, they will require a far more invasive operation in which Mr. Brown's nasal bones must be re-broken and reset and his septum surgically straightened — a more difficult, painful, and costly surgery that would have been unnecessary had he received timely and adequate care. As a direct and proximate result of Defendants' failure to provide that care, Mr. Brown's injuries are now permanent and materially worse than they would have been had he been properly treated.

**D. The Sham Disciplinary Hearing**

31. Following the assault, Defendants charged Mr. Brown with "assault on staff," despite the fact that Defendant Sheriff's Deputies had entered Mr. Brown's cell and physically assaulted him without cause or justification and subsequently, Mr. Brown was the only person injured during the incident.

32. On August 29, 2024, a disciplinary hearing was held. Mr. Brown was found guilty on September 6, 2024, and sentenced to twenty days in segregation.

33. The disciplinary hearing was a sham designed to cover up the unlawful use of force against Mr. Brown.

34. This is the same tactic employed by Defendant BAXTER and the MCSO in *Dzionara-Norsen v. County of Monroe*, No. 21-CV-6715 (W.D.N.Y.), where a pretrial detainee was found guilty of being "disrespectful to authority" and sentenced to twenty days in punitive segregation after deputies used excessive force against him — force that the County itself later

admitted was "unreasonable and unnecessary." Dzionara-Norsen v. County of Monroe, No. 21-CV-6715, 2025 WL 1826383, at *8 (W.D.N.Y. July 2, 2025).

**E. Failure to Supervise and Discipline**

35. Following the assault on Mr. Brown, a supervisory review of the incident was conducted.

36. The supervisory review concluded that all deputies acted in accordance with MCSO rules and regulations, despite the fact that Defendant CRUZ admitted in his own use-of-force report to punching a restrained detainee in the face.

37. No officer was disciplined as a result of the incident.

38. Four separate supervisors — Roser, LaMartina, Schreiner, and McGowan — signed off on the finding that the force used was appropriate, over a two-week period.

39. Defendant BAXTER, as Sheriff, is responsible for the supervision and discipline of MCSO deputies. BAXTER was deliberately indifferent to the use of excessive force by deputies under his command.

40. The failure to discipline the deputies involved in the assault on Mr. Brown is part of a pattern. In *Dzionara-Norsen*, the court found that Deputy Kirkpatrick's use of force — repeatedly punching a restrained pretrial detainee in the face at the Monroe County Jail — was objectively unreasonable as a matter of law. *Dzionara-Norsen v. County of Monroe*, No. 21-CV-6715, 2025 WL 1826383 (W.D.N.Y. July 2, 2025). Despite this, the same pattern of excessive force against restrained detainees has continued under BAXTER's supervision.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
**Excessive Force**

***Pursuant to 42 U.S.C. § 1983***
**(Against PETRALIA, CRUZ, and CHAMPAGNE)**

41. All preceding and subsequent paragraphs are incorporated by reference.

42. Mr. Brown was a pretrial detainee at the time of the incident. His claim for excessive force arises under the Fourteenth Amendment to the United States Constitution.

43. Defendants PETRALIA, CRUZ, and CHAMPAGNE used force against Mr. Brown that was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted them. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

44. Mr. Brown did not pose any threat of physical harm to Defendants or anyone else when they used force against him.

45. There was no need for Defendants to use any force against Mr. Brown.

46. There was no need for Defendant CRUZ to punch Mr. Brown in the face while Mr. Brown was restrained and compliant.

47. Defendants' actions towards Mr. Brown constitute excessive force in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. The actions of the Sheriff's Deputies were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

49. Accordingly, Plaintiff was harmed as a direct result of Defendants' unlawful conduct and is entitled to damages and reasonable attorney's fees and costs in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF:
**Deliberate Indifference to Serious Medical Needs**
***Pursuant to 42 U.S.C. § 1983***
**(Against PETRALIA, CRUZ, and CHAMPAGNE)**

50. All preceding and subsequent paragraphs are incorporated by reference.

51. Mr. Brown suffered serious injuries including a broken nose, deviated septum, and partially obstructed nasal airway as a result of the assault by Defendants.

52. Mr. Brown's injuries constituted a serious medical need that was objectively obvious to any reasonable person.

53. Defendants knew that Mr. Brown had sustained serious facial injuries as a result of their use of force.

54. Despite knowing of Mr. Brown's serious medical needs, Defendants failed to ensure that Mr. Brown received adequate medical treatment. Mr. Brown was not transported to a hospital, was not seen by a doctor, and was treated only with a sterile dressing and over-the-counter pain medication.

55. Defendants' failure to provide adequate medical care to Mr. Brown was objectively unreasonable under the circumstances. *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).

56. As a result of Defendants' deliberate indifference, Mr. Brown suffered prolonged pain, suffering, and potential complications from his untreated injuries.

57. The actions of the Sheriff's Deputies were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

58. Accordingly, Plaintiff was harmed as a direct result of Defendants' unlawful conduct and is entitled to damages and reasonable attorney's fees and costs in an amount to be determined by the Court.

**<u>THIRD CLAIM FOR RELIEF:</u>**
**Failure to Supervise and Discipline**
***Pursuant to 42 U.S.C. § 1983***
**(Against BAXTER)**

59. All preceding and subsequent paragraphs are incorporated by reference.

60. Defendant BAXTER, as Sheriff of Monroe County, was at all relevant times responsible for the hiring, training, supervision, and discipline of deputies assigned to the Monroe County Jail.

61. BAXTER knew or should have known that deputies under his supervision were using excessive force against detainees at the Monroe County Jail.

62. Despite this knowledge, BAXTER failed to adequately supervise and discipline the deputies under his command, thereby creating a de facto policy of tolerating the use of excessive force.

63. BAXTER's failure to supervise and discipline was a proximate cause of the constitutional violations suffered by Mr. Brown.

64. The actions of Defendant BAXTER were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

65. Accordingly, Plaintiff was harmed as a direct result of Defendant BAXTER's unlawful conduct and is entitled to damages and reasonable attorney's fees and costs in an amount to be determined by the Court.

WHEREFORE, and in light of the foregoing, Plaintiff CHAD BROWN respectfully demands judgment on all claims for relief:

a. Empanel a jury;

b. Award compensatory damages and punitive damages in an amount to be determined at trial;

c. Award Plaintiff reasonable attorney’s fees and costs, and interest pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York June 15, 2026

Respectfully Submitted,

ROTH & ROTH, LLP.

Elliot Shields

______________________________

Elliot Dolby Shields
Attorneys for Plaintiff
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com